UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LYDIA AUGUST, Individually
and on behalf of others similarly situated,**

    **Plaintiff,**                                       **CASE NO.:**

**v.**

**ATLARGE, INC. , INVISIBLE VENTURES LLC,
and ANAND PALLEGAR, Individually,**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LYDIA AUGUST (hereinafter referred to as "PLAINTIFF"), in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel, sues the Defendants, ATLARGE, INC. (hereinafter referred to as "ATLARGE"), INVISIBLE VENTURES, LLC ("INVISIBLE VENTURES"), and ANAND PALLEGAR, Individually (hereinafter referred to as "PALLEGAR") collectively known as ("DEFENDANTS") and alleges as follows.

**JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. At all times material herein, Plaintiff is a resident of Manatee County, Florida.

4. At all times material herein, Defendant, ATLARGE, is a Florida profit corporation authorized and doing business in this Judicial District. At all times material Defendant, ATLARGE, INC., was an employer as defined by the FLSA.

5. At all times material herein, Defendant, INVISIBLE VENTURES, is a Florida limited liability company authorized and doing business in this Judicial District. At all times material Defendant, INVISIBLE VENTURES, was an employer as defined by the FLSA.

6. Defendants, ATLARGE and INVISIBLE VENTURES, are joint employers and/or an integrated enterprise and/or common enterprise as defined by the laws under which this action is brought and employs the required number of employees.

7. Defendant, ANAND PALLEGAR, was an officer, director,

manager, owner, and/or operator of Defendants, ATLARGE and INVISIBLE VENTURES, and was acting in a supervisory capacity for ATLARGE and INVISIBLE VENTURES. Defendant, PALLEGAR, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, PALLEGAR, possessed operational control of business activities.

8. Defendant, PALLEGAR, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

9. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

10. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

11. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

12. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of their job with Defendants, 29 U.S.C. §207(a)(1).

13. Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

14. Plaintiff was employed by Defendants from approximately August 2021 to January 20, 2022. At all times material to this case, Plaintiff worked for Defendants as a full time Community Engagement Manager.

15. Defendants failed and refused to pay Plaintiff for the hours worked and her unpaid accrued vacation.

16. Plaintiff has repeatedly requested her earned wages from Defendants and to date he has not been compensated.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)
## AS TO ALL DEFENDANTS

17. Plaintiff, LYDIA AUGUST, re-alleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

18. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. § 216(b).

19. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

20. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times her regular rate of pay for all work performed in excess of forty (40) hours in a work week.

21. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

22. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

23. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

24. Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about

whether it was.

25. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

26. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

  f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT (COLLECTIVE ACTION)

  28. Plaintiff, LYDIA AUGUST, re-alleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

  29. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

  30. Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

  31. At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

  32. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

  33. As a direct and legal consequence of Defendants' unlawful

acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES
## AS TO DEFENDANTS, ATLARGE, INC. and INVISIBLE VENTURES LLC

34. Plaintiff, LYDIA AUGUST, re-alleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

35. Plaintiff earned wages over the course of her employment which are owed and payable by the Defendants, ATLARGE and INVISIBLE VENTURES, pursuant to Florida Statute Chapter 448.08.

36. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that was not overtime hours.

37. Defendants, ATLARGE and INVISIBLE VENTURES, despite Plaintiff's reasonable attempts to obtain payment of these earned

monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, ATLARGE and INVISIBLE VENTURES, for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## BREACH OF CONTRACT

38. Plaintiff, LYDIA AUGUST, re-alleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

39. Plaintiff performed all of her conditions and obligations of her employment contract with Defendants, i.e., agreement to work for wages.

40. Despite Plaintiff's reasonable attempts to obtain payment of these earned monies, Defendants have failed and refused to make payment.

41. As a direct and proximate legal result of Defendants' breach of contract, Plaintiff has suffered and continues to suffer damages, including but not limited to, the following:

    a. Unpaid earnings and/or wages/commissions and/or remuneration;

      b.      Damages arising from the breach;

      c.      Prejudgment and post-judgment interest:

      d.      Attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and

      e.      Such other relief as the Court may deem just and proper.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants, ATLARGE and INVISIBLE VENTURES, for back pay, unpaid wages, unpaid accrued vacation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

42.    Plaintiff, LYDIA AUGUST, requests a jury trial on all issues so triable.

Dated this 11th day of October, 2022.

                                  FLORIN GRAY BOUZAS OWENS, LLC

                                  /s/Wolfgang M. Florin_____
                                  Wolfgang M. Florin
                                  Florida Bar No. 907804
                                  wflorin@fgbolaw.com
                                  Christopher D. Gray
                                  Florida Bar No. 0902004
                                  cgray@fgbolaw.com
                                  16524 Pointe Village Drive, Suite 100
                                  Lutz, FL 33558
                                  Telephone (727) 220-4000

Facsimile (727) 483-7942
Attorneys for Plaintiff