UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYDIA AUGUST, Individually and on
behalf of others similarly situated,

    Plaintiff,

v.                                            Case No. 8:22-cv-02325-CEH-TGW

ATLARGE, INC., INVISIBLE VENTURES,
LLC and ANAND PALLEGAR, Individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF**
**FLSA UNPAID WAGE CLAIM SETTLEMENT AGREEMENT**

Plaintiff Lydia August ("Plaintiff") and Defendants AtLarge, Inc., Invisible Ventures LLC, and Anand Pallegar ("Defendants") (collectively "the Parties"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of the FLSA Settlement Agreement. Plaintiff's claims for unpaid wages arise, *inter alia*, under the Fair Labor Standards Act ("FLSA"). Specifically, in Counts I and II of the Complaint (Dkt. 1), Plaintiff alleges that Defendants violated the overtime provisions of the FLSA and that she is entitled to unpaid wages. The Parties therefore seek this Court's approval of the agreement reached with respect to Plaintiff's pending unpaid wages claims asserted under the FLSA. The executed FLSA unpaid wage claim

settlement agreement for Plaintiff (the "FLSA Settlement Agreement") is attached hereto as Exhibit "A."[1]

## I.    Legal Principles

There are two ways in which compromised unpaid wages claims under the FLSA can be settled and released by employees. First, the FLSA allows employees to settle and waive their unpaid wages claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Parties seek approval of the FLSA Settlement Agreement under the second option espoused above.

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of

---

[1] The Parties have also entered into a separate settlement agreement to fully and finally resolve the non-FLSA claims in the action. *See* Complaint at Counts III and IV. The separate settlement agreement provides for additional monetary compensation to Plaintiff, for which Plaintiff has agreed to release all other pending claims in this action. The separate settlement agreement requires Plaintiff to keep *only* the terms and existence of the separate settlement agreement confidential. Pursuant to the terms of the separate settlement agreement, the confidentiality obligation explicitly does not apply to the existence or terms of the FLSA Settlement Agreement that is attached hereto for the Court's approval.

encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009). "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228.

## II.  Facts and Settlement Terms

Plaintiff filed her Complaint on October 11, 2022 in the United States District Court for the Middle District of Florida, Tampa Division. Dkt. 1. The Complaint includes the following four causes of action: *Count I* – Unpaid wage claim in alleged violation of the FLSA (unpaid overtime); *Count II* – Unpaid wage claim in alleged violation of the FLSA (Collective Action); *Count III* – Unpaid wage claim in alleged violation of Fla. Stat. section 448.08; and *Count IV* – Breach of Contract. On November 14, the Court entered the FLSA Scheduling Order (Dkt. 13), setting, *inter alia*, deadlines for the Parties to mutually exchange documents and information and to "meet and confer in person in a good faith effort to settle all pending issues,

3

including attorneys' fees and costs." *See* Dkt. 13 at p. 2. The Parties thereafter complied with the Court's mandate and expedited scheduling track, by exchanging information relevant to the claims at issue. In addition, during this time period, the Parties engaged in settlement discussions, through their counsel. Ultimately, through these settlement discussions, the Parties reached agreement on Plaintiff's unpaid wage claim under the FLSA (and the remaining claims at issue in this action) on November 22, 2022. The Parties informed the Court of their agreement the same day. Dkt. 14.

    Here, the Court should approve the Parties' settlement to resolve and release Plaintiff's FLSA unpaid wage claim against Defendants. The proposed settlement arises out of an action brought by Plaintiff against Defendants which, as described above, was adversarial in nature, was contested, and was litigated. Further, during the litigation and negotiation of a settlement in this action, the Parties were represented by experienced counsel.

    Ultimately, during their negotiations, the Parties agreed Plaintiff was owed $1,426.55 in unpaid wages during the relevant time period. The settlement reached also includes an identical amount in liquidated damages. Defendants further agreed to pay counsel for Plaintiff $3,896.90 in attorneys' fees. The amount set aside for attorneys' fees and costs was negotiated separately and without regard to the amount to be paid to Plaintiff.

    The Parties agree the settlement negotiated and reached reflects a reasonable compromise of the disputed FLSA unpaid wages at issue in this case, as it ensures the

overtime that Plaintiff alleges she is owed is paid in full and that she receives an equivalent amount in liquidated damages. All Parties were advised and represented by counsel throughout the litigation and settlement process. Accordingly, the Parties respectfully request the Court approve this settlement and dismiss the case with prejudice.

Dated this 5th day of January, 2023.

*By: /s/ Wolfgang M. Florin*
Wolfgang M. Florin, Esq.
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray, Esq.
Florida Bar No. 0902004
chris@fgbolaw.com

**Florin Gray Bouzas Owens, LLC**
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
(727) 220-4000

*Attorney for Plaintiffs*

/s/ *Cullan E. Jones*
Cullan E. Jones
Florida Bar No. 98615
E-mail: cjones@fordharrison.com

**Ford & Harrison LLP**
401 E. Jackson Street, Suite 2500
Tampa, FL  33602
(813) 261-7800  Telephone
(813) 261-7899  Facsimile

*Attorney for Defendants*

WSACTIVELLP:13653834.1

5