# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYDIA AUGUST, Individually
And on behalf of others similarly
situated,

Plaintiffs,                                              CASE NO: 8:22-cv-02325

v.

ATLARGE, INC., INVISIBLE
VENTURES LLC, and ANAND
PALLEGAR, Individually,

Defendants.
_____

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Lydia August and Defendants Atlarge, Inc., Invisible Ventures LLC, and Anand Pallegar, Inc. Plaintiff and Defendants are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Reason for Agreement.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:22-cv-02325-CEH-TGW (the "Lawsuit"), alleging violation of the overtime provisions of the Fair Labor Standards Act (Count I), the Florida Minimum Wage Act (Count III) (together, the "Wage Claims"), and for Breach of Contract (Count IV).[1] The Parties disagree as to whether or not Plaintiff's claims are viable and whether Plaintiff has additional actionable claims against Defendants. However, the Parties desire to fully and finally resolve the Lawsuit. For this reason, the Parties enter into this Agreement to settle Plaintiff's Wage Claims. The Parties have entered into a separate agreement ("Non-Wage Settlement Agreement and

---

[1] Count II of Plaintiff's Complaint is titled "Collective Action" but is not an independent cause of action. Rather, it simply re-alleges Plaintiff's theory in Count I, but on behalf of a putative collective of individuals alleged to be similarly situated.

General Release") for additional consideration resolving all other claims Plaintiff has or may have against Defendants.[2]

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendants of a violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendants.

3. **Monetary Consideration.** To resolve the Wage Claims, Defendants have agreed to pay Plaintiff within 30 days of the latest of: (1) Defendants' receipt of a W-2 and W-9 executed by Plaintiff and W-9 executed by her attorney; (2) this Agreement executed by Plaintiff and delivered to Defendants; and (3) Court's approval of this Agreement:

(a) One settlement check in the gross amount of One Thousand Four Hundred Twenty-Six Dollars and Fifty-Five Cents ($1,426.55) made payable to Plaintiff Lydia August for unpaid wages, minus applicable withholdings and deductions;

(b) One settlement check in the gross amount of One Thousand Four Hundred Twenty-Six Dollars and Fifty-Five Cents ($1,426.55) made payable to Plaintiff Lydia August for liquidated damages, with no withholdings; and,

(c) One check in the amount of Three Thousand Eight Hundred Ninety-Six Dollars and Ninety Cents ($3,896.90) made payable to Florin Gray Bouzas Owens, LLC, for attorneys' fees and costs. The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amount Plaintiff sought for unpaid wages.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that she has now been paid for all hours worked and all alleged overtime hours worked during her employment with Defendants. Plaintiff further agrees that Defendants do not owe her any other monies with regard to compensation

---

[2] The Non-Wage Settlement Agreement and General Release provides additional consideration for the breach of contract cause of action (Count IV of Plaintiff's Complaint) and contains provisions providing Defendants with a full release of any and all claims Plaintiff may have against Defendants. If requested by the Court, the Parties will submit the Non-Wage Settlement Agreement and General Release for in-camera review.

associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that she has been paid all wages (including overtime compensation) due to her from Defendants for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the Wage Claims asserted in the lawsuit and any wage claims Plaintiff may have had under the FLSA or Florida law is now moot.

4. **Waiver and Release of Wage Claims**. Plaintiff hereby remises, acquits, releases, satisfies and discharges, on her own behalf and on behalf of anyone who could claim by or through her, Defendants, and their predecessors and successors in interest, assignees, parents, subsidiaries, professional employment organizations, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives (hereafter collectively referred to as "Releasees"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all wage-related claims and demands, past or present known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, relating to any wage-related claims which Plaintiff and her heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees, ever had or now have, by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of Plaintiff's execution of this Agreement. Plaintiff agrees never to file a lawsuit against Releasees for any wage-related claims released in this Agreement.

5. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the Wage Claims in the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the Parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the Wage Claims in the above-numbered and entitled lawsuit are not dismissed with prejudice after the Parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

6. **Tax Payment.** Other than withholdings and deductions associated with check (a), in paragraph 3 above, Plaintiff shall pay any and all taxes that may

be due as a result of the settlement payment(s). Plaintiff agrees and affirms that she is not relying on any representation made by Defendants concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that they may be required to pay as a result of the payment(s). Plaintiff agrees that she will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement. This section does not modify Defendants' responsibility with respect to legally required wage withholdings, including those identified in Paragraph No. 3 of this Agreement.

7.  **Transfer of Claims**. Plaintiff represents and warrants that she has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit her from entering into this Agreement.

8.  **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to the Parties and the Court.

9.  **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that she has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions she may have had during review of the Agreement has been explained to her satisfaction and understanding. Plaintiff understands that she is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of her own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of her own choosing regarding this matter prior to the execution of the Agreement.

10. **Breach**. The Parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including attorneys' fees. The prevailing party in any such action shall be entitled to attorneys' fees and costs incurred in enforcing a breach.

11. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendants prior to the Court's approval of this Agreement.

12. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into new provisions that are not invalid.

13. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Jurisdiction and Venue.** The Parties hereto agree that the courts of Sarasota County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

*Lydia August*
ID TZEiLcFrYiu6RdQ9qnk71EoT

Lydia August

Date: 12/6/2022

AtLarge, Inc., Invisible Ventures LLC and
Anand Pallegar

By: _Anand Pallegar_ (DocuSigned, 19948404D6794C1)    Date: 1/5/2023

Its: PRESIDENT

WSACTIVELLP:13597357.2
10:00 AM