UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYDIA AUGUST,

        Plaintiff,

v.                             CASE No. 8:22-cv-2325-CEH-TGW

ATLARGE, INC., INVISIBLE VENTURES,
LLC, and ANAND PALLEGAR,

        Defendants.

_____

## **REPORT AND RECOMMENDATION**

THIS CAUSE came on for consideration upon the Joint Motion for Approval of Settlement Agreement (Doc. 16). The plaintiff, Lydia August, settled her claims against the defendants, AtLarge, Inc., Invisible Ventures, LLC, and Anand Pallegar, whom she alleged did not pay her overtime compensation for hours worked in violation of the Fair Labor Standards Act ("FLSA"). The motion was referred to me for a Report and Recommendation.

The plaintiff requested overtime compensation, liquidated damages, expenses, attorney's fees and costs (Doc. 1, pp. 4–10). The

parties entered into a settlement agreement in which the defendant agreed to pay to the plaintiff $1,426.55 in unpaid wages, $1,426.55 in liquidated damages, and attorney's fee and costs of $3,896.90 to her counsel in order to resolve this matter (Doc. 16, p. 4; Doc. 16-1, p. 2).  Notably, the parties agreed upon the attorney's fee separately and without regard to the amount paid to the plaintiff (Doc. 16, p. 4). The parties maintain that the settlement reflects a fair and reasonable compromise of the plaintiffs' claims under the circumstances of this case (id.). Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute, I recommend that the motion be granted, and that the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Therefore, in any FLSA case, the Court must review the parties' settlement to determine

2

whether it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. The Court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity and duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of recovery, and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Keeping these factors in mind, I note that the parties state that this settlement agreement was entered into after settlement discussions where both parties were represented by experienced counsel (Doc. 16, p. 4). Further, the parties indicate that these discussions occurred early in the litigation, after the United States District Judge Charlene Edwards

3

Honeywell directed them to meet and confer in-person (id., pp. 3–4). Accordingly, based on the facts of this case, I find that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." DeGraff v. SMA Behavioral Health Servs., Inc., 945 F.Supp.2d 1324, 1329 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1354.

As to the attorney's fee, the plaintiff did not provide time sheets detailing counsel's time or the hourly rate. This lack of information, however, does not undermine the Court's ability to evaluate the reasonableness of the parties' settlement, as I do not find the amount of the attorney's fee to be unreasonable on its face. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329. Generally, courts in this district have agreed that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of

4

> the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); see also Mason v. Wyndham Vacation Ownership, Inc., 2012 WL 570060 at *3 (M.D. Fla. 2012); Church v. Conrad Yelvington Distrib., Inc., 2011 WL 6002519 at *2 (M.D. Fla. 2011). Those factors are satisfied here (see Doc. 30-1). Therefore, "there is no reason to assume that the attorney's fee has influenced the reasonableness of the plaintiff's settlement." Bonetti v. Embarq Mgmt. Co., supra, 715 F. Supp.2d at 1228. Furthermore, I find the attorney's fee reflects a reasonable amount when considering my own experience, knowledge of market rates, and the case. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329. Therefore, I find the terms of the settlement agreement are fair,

5

just, and in accordance with the FLSA.  See Lynn's Food Stores, Inc. v.

United States, supra, 679 F.2d at 1352-53.

Consequently, I recommend that the Joint Motion for

Approval of Settlement Agreement (Doc. 16) be **GRANTED**, and this

case be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: January 10 , 2023.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served
a copy of this report to file written objections to this report's proposed
findings and recommendations or to seek an extension of the fourteen-
day deadline to file written objections.  28 U.S.C. 636(b)(1)(C).  Under
28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed
findings and recommendations waives that party's right to challenge on
appeal the district court's order adopting this report's unobjected-to
factual findings and legal conclusions.